# JOHN W. SMITH
## v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW — *as to reasonable doubt.* If the jury have a reasonable doubt of the guilt of one tried for crime, they must acquit him. But this doubt must spring from the evidence, and cannot be searched for outside of it.

2. An instruction " that a reasonable doubt means in law a serious, substantial and well founded doubt, and not the mere possibility of a doubt," and that " the jury have no right to go outside of the evidence to search for, or hunt up doubts in order to acquit the defendant, and arising out of evidence, or for the want of evidence," was *held* free from any well founded objection, except that the word " *serious* " might have been omitted, as not improving it.

3. ACCESSORY — *one present, aiding or encouraging.* When one defendant shoots a person with a revolver, deliberately and intentionally, a co-defendant present at the time, who in any way or manner aids or advises, or encourages such shooting, when not necessary, or apparently necessary, to save the defendants' lives, or prevent their receiving great bodily harm, is equally guilty with the one who does the shooting.

4. INSTRUCTION — *as to matters not involved.* An instruction embracing matters not in controversy on the trial, and which cannot enlighten the jury on the questions before them, is irrelevant and properly refused.

5. PRACTICE — *witness not on indictment.* On the trial of one for crime, the court, in the exercise of a sound discretion, may allow a witness whose name is not indorsed on the indictment to be sworn and testify for the prosecution, though his name has not been furnished the defendant before arraignment.

WRIT OF ERROR to the Criminal Court of Cook county ; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. E. & A. VAN BUREN, for the plaintiff in error.

Mr. CHARLES H. REED, State's Attorney, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an indictment, in the Criminal Court of Cook county, against John W. Smith and James Jordan, for an assault upon

Cornelius Tighe with a loaded pistol, with intent to kill him. The defendant Smith was found guilty, and his term of imprisonment in the penitentiary fixed at fifteen months.

The record is brought here by writ of error, and various errors assigned.

The first point made is, that the verdict is against the evidence. There is some conflict in the testimony, but as to the fact of shooting by the prisoner and inflicting a serious bodily injury upon the prosecuting witness, there is no conflict. The point is, was the prisoner justified, under the circumstances? On this point the controversy arises. The prosecutor, Tighe, the person shot, makes out a clear case, without the shadow of justification, and he is corroborated, in some particulars, by other witnesses, especially as to the fact of his having a pistol at the time of the shooting. He and the other witnesses examined as to that fact testify that he had no pistol, whilst the prisoner and Jordan testified he had one and had drawn it. This conflict was for the jury to settle, and we think the jury were justified in finding that Tighe did not, with a pistol in his hand, as argued, assault the prisoner, or conduct in such manner toward him as to induce the prisoner's belief his life or limb was in any danger. And there is some testimony from which it might be inferred, the attempt on Tighe was premeditated by the prisoner. But the idea that the prisoner had a reasonable apprehension his life was in danger from Tighe is dispelled by his own testimony, for he says, he intended to fire over his head. Surely, a man armed with a loaded pistol, violently assaulted by another so armed, seeing his life or limb in danger, would never think of firing his weapon over the head of his assailant, but would take such aim as would at least cripple him, in order to protect his own life or limb.

The evidence justifying the finding, we are next to consider if the law was properly given to the jury.

It is complained by the prisoner that the court erred in giving the first instruction for the people.

19—74TH ILL.

The instruction was as follows : " The court instructs the jury that a reasonable doubt means, in law, a serious, substantial and well founded doubt, and not the mere possibility of a doubt. The jury have no right to go outside of the evidence to search for or hunt up doubts in order to acquit the defendants, not arising out of evidence or for the want of evidence."

This instruction is free from any well founded objection, and in substance has been sanctioned by this court in numerous cases. It is not obnoxious to the criticism of the prisoner, that the jury might convict, if there was no evidence. It is a well-recognized principle, if the jury have a reasonable doubt of guilt, they must acquit. This doubt must spring from the evidence, and cannot be searched for outside of the evidence. A serious doubt is a reasonable doubt, and nothing more. The term " serious " might well have been omitted, as it does not improve the instruction, but its use could do no harm.

It is complained the court erred in giving the people's second instruction. That was as follows : " If the jury believe, from the evidence, that the defendant Smith deliberately and intentionally shot the witness Tighe with a loaded revolver, as charged in the indictment, and that the defendant Jordan was present, and in any way or manner aided or advised, or encouraged such shooting, when it was not necessary, or apparently necessary, to save their own lives or prevent their receiving great bodily harm, then the jury should find the defendants both guilty."

This instruction was called for by the testimony of Tighe, which implicated Jordan in the transaction, and was to instruct the jury if they were both art and part in the assault, and no necessity existing for it, they could both be guilty. It could not mislead the jury, so far as the prisoner's case was involved. If, by possibility, it might be supposed to be misleading as to him, the jury were fully instructed at prisoner's request, on the law of the case as applicable to him, and they were very comprehensive.

One instruction asked by the prisoner was refused, and of

this complaint is made. That instruction embraces matters not in controversy in the case, and could not have enlightened the jury on the questions before them. It was wholly irrelevant, and was properly refused.

An objection is made that one Brennan, whose name was not indorsed on the indictment, nor his name furnished the prisoner before his arraignment, was permitted to be sworn and to testify on behalf of the prosecution.

The doctrine is settled in this court that, in the exercise of a sound discretion, this may be allowed. *Gardner* v. *The People*, 3 Scam. 83; *Gates* v. *The People*, 14 Ill. 436; *Perry et al.* v. *The People*, id. 499.

In this particular case, the prisoner could not have been surprised or prejudiced, as Brennan was known to the prisoner as a witness on the preliminary examination before the magistrate, and the prisoner might reasonably conclude he would be called again as a witness. The court exercised a proper discretion. On a full examination of the whole record, we are satisfied the prisoner has had a fair trial, under proper instructions from the court, and we will not disturb the judgment, but affirm the same.

*Judgment affirmed.*